IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01674–MSK–KMT

CHARLES E. McCARTER,

    Plaintiff,

v.

JOHN E. POTTER, Post Master General,

    Defendant.

## ORDER

This matter is before the court on Defendant's "Motion to Stay Discovery Pending Ruling on Defendant's Motion to Dismiss" ("Motion") [Doc. No. 31, filed December 10, 2009]. No responsive pleading was filed by Plaintiff.

Defendant requests a stay of discovery in this Title VII case based on Plaintiff's alleged untimely commencement of this action more than 90 days after his receipt of the final agency decision denying his administrative claim.[1] (Mot. at ¶ 2.) If a Plaintiff does not file within the allotted time period, his complaint may be dismissed. "Compliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that

---

[1] In order to bring a civil action for employment discrimination under Title VII of the Civil Rights Act of 1964, a plaintiff's complaint must be filed within 90 days of receipt of the agency's final decision on the plaintiff's administrative claim. Title 42 U.S.C. § 2000e-16(c).

functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling," *Millon v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995), however "[c]ourts have narrowly construed equitable exceptions to the time limitations set out in Title VII." *Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996).

Plaintiff's response to the defendant's Motion to Dismiss does not dispute, but also does not admit, that his complaint was filed out of time. [Doc. No. 24.] In Plaintiff's Amended Complaint, he indicates the date of receipt of the final agency decision was on "March 17, 2008." [Doc. 7, at 2.] The record attached to his Amended Complaint, however, shows that the year was actually 2009. [See Doc. 7 and attachments thereto (showing documentation, including administrative filings by Plaintiff's then attorney, that post-dates March 2008).] It appears that the date of final agency decision was actually March 17, 2009 and that insertion of the year 2008 was a typographical error.

Regardless of the actual date, however, based on either the plaintiff's own statement or the documents attached to the complaint, it appears upon this courts limited review, that the July 15, 2009 filing date was beyond the ninety-day allowable period. If the date was actually March 17, 2008, the date by which a Title VII complaint was required to be filed was June 15, 2008; if the correct date was actually March 17, 2009, the date by which the complaint had to be filed would be June 15, 2009. In either event, July 15, 2009, the date this case was actually filed, is beyond the ninety day period. It further appears that the plaintiff has offered to grounds to the District Court to justify the application of waiver, estoppel, or equitable tolling. [See Doc. No. 24.]

If the defendant prevails on its argument that the complaint was filed out of time, the entire case would be subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6). "[M]otions to dismiss for failure to file a Title VII civil action within the ninety-day filing period should be considered under Rule 12(b)(6)." *Barrett v. Rumsfeld*, 158 Fed. Appx. 89, 91 (10th Cir. 2005) (affirming dismissal of pro se plaintiff's action on 12(b)(6) grounds despite district court erroneously granting dismissal on 12(b)(1) grounds).

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-cv-01934-LTB-PAC, 2006 WL 894955, *2 (D. Colo. 2006) (unpublished).  Fed. R. Civ. P. 26(c) does, however, provide

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . .The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

*Id.*  In this District, courts have found that forcing a party to engage in discovery when a motion to dismiss based on a jurisdictional defense is pending would subject him to undue burden or expense if the motion to dismiss is later granted. *String Cheese Incident* at *2 (defense of lack of personal jurisdiction).  This court, when considering a stay of discovery, may consider and

weigh: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.; See also, FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, *2 (D. Kan. 1987) (unpublished).  Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8 Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed.Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

In weighing the factors for determination of the propriety of a stay, the Court finds that a stay is appropriate here.  While all plaintiffs to some degree have an interest in proceeding expeditiously in their cases, it is in both parties' interests to determine if the case has been timely filed before engaging in expensive discovery.  The plaintiff, just as much as the defendant, stands to save expenses while this initial determination is considered by the district court.  The Court also considers its own convenience, the interests of non-parties, and the public interest in general. None of these factors prompt the Court to reach a different result.  In fact, the Court notes that neither its nor the parties' time is well-served by being involved in possible dispute resolution and other incidents of discovery when, as here, a dispositive motion involving a threshold time  limitation defense is pending.  *Frontier Steel Bldgs. Corp. v. S.J. Amoroso Const.*

*Co., Inc.*, 08-cv-00408-MSK_KLM, 2008 WL 1925100, *2 (D. Colo., 2008)(unpublished); *Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC,* 07-7045, 2007 WL 4165397, *2 (D.C. Cir. 2007) (unpublished) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.)  The imposition of a stay pending a decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery." *Id.* at 5.  Finally, neither party has asserted any compelling nonparty or public interests triggered by the facts at issue.

It is therefore, **ORDERED**

Defendant's "Motion to Stay Discovery Pending Ruling on Defendant's Motion to Dismiss" [Doc. No. 31] is **GRANTED**.  Discovery is stayed pending ruling on Defendant's Motion to Dismiss [Doc. No. 23].

Dated this 12th day of January, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge