IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-01674-MSK-KMT

CHARLES E. MCCARTER,

       Plaintiff,

v.

JOHN E. POTTER, Post Master General,

       Defendant.

_____

**OPINION AND ORDER GRANTING MOTION TO DISMISS**
_____

       **THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Dismiss

**(# 23)**, the *pro se* Plaintiff's response **(# 24)**, and the Defendant's reply **(# 25)**.

       The *pro se* Amended Complaint **(# 7)** alleges that the Plaintiff was employed by the

United States Postal Service.  On or about December 18, 2007, he filed a charge of

discrimination with the Postal Service's Equal Employment Opportunity ("EEO") office,

alleging that he has been discriminated against on the basis of his race (black) and age, and had

been retaliated against, all in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et*

*seq*.  The EEO office ultimately issued the Plaintiff a Right to Sue Notice, which the Plaintiff

alleges he received on March 17, 200[9].  The Plaintiff commenced this action by filing a motion

to proceed *in forma pauperis* on July 2, 2009.

       The Defendant moves **(# 23)** to dismiss the Amended Complaint as untimely, arguing

that under 42 U.S.C. § 2000e-16(c) requires that a plaintiff commence suit on a claim within 90

days of receiving an agency's final decision on his claim.  *Brown v. Kempthorne*, 190 Fed.Appx.

590, 591 (10th Cir. 2006) (unpublished).  Failure to comply with this requirement warrants

dismissal of the action.  *Id.; Belhomme v. Widnall,* 127 F.3d 1214, 1216 (10th Cir. 1997). The

Defendant notes that the Plaintiff admits receiving notice of the EEO agency's denial of his

claim on March 17, 2009, but he did not commence this suit until July 2, 2009, approximately

110 days later.  The Defendant notes that although the 90-day time limit is not jurisdictional and

is subject to equitable tolling, the burden is on the Plaintiff to assert facts demonstrating that the

period should be tolled.  *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1167-68 (10th Cir. 2007).

The Defendant contends that the Amended Complaint does not do so, and thus, dismissal of this

action as untimely is appropriate.

In considering the Plaintiff's filings, the Court is mindful of his *pro se* status, and

opposition to any matter that would simply dismiss this case," and that he requests that the Court

appoint him counsel.[1]

In considering the Plaintiff's filings, the Court is mindful of his *pro se* status, and

accordingly, reads his pleadings liberally.  *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

However, such liberal construction is intended merely to overlook technical formatting errors

and other defects in the Plaintiff's use of legal terminology and proper English.  *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991).  *Pro se* status does not relieve the Plaintiff of the duty to

comply with the various rules and procedures governing litigants and counsel or the

requirements of the substantive law, and in these regards, the Court will treat the Plaintiff

according to the same standard as counsel licensed to practice law before the bar of this Court.

*See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455

---

[1]The Plaintiff has filed three motions for appointment of counsel in this case.  *Docket* # 5, 14, 21.  Each of them have been denied.  *Docket* # 8, 19, 26.

(10th Cir. 1994).

For the reasons stated above, it is evident that the Plaintiff did not commence this action within the 90-day deadline established by Title VII.  The Plaintiff has not alleged or come forward with any facts demonstrating that the 90-day period should be tolled.  Accordingly, the Motion to Dismiss **(# 23)** is **GRANTED**, and this action is **DISMISSED**.  The Clerk of the Court shall close this case.

Dated this 13th day of August, 2010

**BY THE COURT:**

Marcia S. Krieger
United States District Judge